IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

BRENT MARBURY, et al.                :

   v.                                :   Civil Action No. DKC 13-0832

WASHINGTON METROPOLITAN AREA         :
TRANSIT AUTHORITY                    :

**MEMORANDUM OPINION**

Presently pending and ready for resolution is a motion to dismiss filed by Defendant Lavondra Shinholster. (ECF No. 13). The relevant issues have been briefed and the court now rules pursuant to Local Rule 105.6, no hearing being deemed necessary. For the reasons that follow, this motion will be granted.

**I.  Background**

Plaintiffs Brent Marbury and Arnoldo Morgan commenced this action on or about June 15, 2012, by filing a complaint in the District Court of Maryland for Prince George's County against Washington Metropolitan Area Transit Authority ("WMATA") and two of its employees, Lavondra Shinholster and L. Doby. The complaint relates to injuries allegedly sustained by Plaintiffs while riding on a WMATA bus operated by Ms. Shinholster on June 19, 2009. According to Plaintiffs, their injuries were proximately caused by Ms. Shinholster's negligent driving. They

further allege that L. Doby, a WMATA supervisor, failed to conduct a proper investigation of the incident.

On March 19, 2013, WMATA removed to this court pursuant to the WMATA Compact, Md. Code Ann., Transp. § 10-204(81), which provides that federal district courts have original jurisdiction over actions against WMATA and that any such action initiated in a state court in Maryland, Virginia, or the District of Columbia may be removed. WMATA filed its answer concomitantly with the notice of removal.

On April 19, 2013, Ms. Shinholster filed the pending motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiffs have not opposed this motion.

## II. Standard of Review

The purpose of a motion to dismiss under Rule 12(b)(6) is to test the sufficiency of the complaint. *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006). A plaintiff's complaint need only satisfy the standard of Rule 8(a), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). "Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 n. 3 (2007). That showing must consist of more than "a formulaic recitation of the elements of a cause of action" or "naked assertion[s] devoid of further

factual enhancement." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations omitted).

At this stage, all well-pleaded allegations in a complaint must be considered as true, *Albright v. Oliver*, 510 U.S. 266, 268 (1994), and all factual allegations must be construed in the light most favorable to the plaintiff, *see Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776, 783 (4th Cir. 1999) (citing *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993)). In evaluating the complaint, unsupported legal allegations need not be accepted. *Revene v. Charles County Comm'rs*, 882 F.2d 870, 873 (4th Cir. 1989). Legal conclusions couched as factual allegations are insufficient, *Iqbal*, 556 U.S. at 678, as are conclusory factual allegations devoid of any reference to actual events, *United Black Firefighters v. Hirst*, 604 F.2d 844, 847 (4th Cir. 1979); *see also Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged, but it has not 'show[n] . . . that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quoting Fed.R.Civ.P. 8(a)(2)). Thus, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*.

**III. Analysis**

WMATA was formed by an interstate compact ("the Compact") enacted and consented to by Congress and adopted by the state of Maryland, the District of Columbia, and the Commonwealth of Virginia. *See Martin v. WMATA*, 667 F.2d 435, 436 (4th Cir. 1981). The Compact provides that WMATA is an interstate agency and instrumentality of the signatories to the Compact. *See Delon Hampton & Assocs., Ctd. V. WMATA*, 943 F.2d 355, 359 (4th Cir. 1991). As such, it enjoys the same rights and privileges as a state, including sovereign immunity. *Id*. (citing *Beatty v. WMATA*, 860 F.2d 1117, 1126 (D.C. 1988)).

WMATA's immunity is not all encompassing, as the Compact waives immunity for certain claims – *i.e.*, those that stem from the performance of a proprietary or non-governmental function. Section 80 of the Compact provides, in relevant part, that WMATA "shall be liable for . . . its torts and those of its directors, officers, employees, and agents committed in the conduct of any proprietary function, in accordance with the law of the applicable signatory . . . [and] [t]he exclusive remedy for . . . torts for which [WMATA] shall be liable, as herein provided, shall be by suit against [WMATA]." Md. Code Ann., Transp. § 10-204(80).

Citing this provision, Ms. Shinholster argues that "[t]he exclusive remedy for the Plaintiffs . . . is by lawsuit against

4

the Defendant WMATA, only, and not against this Defendant[.]" (ECF No. 13, at 2). The plain language of the Compact and the case law clearly support this position, *see, e.g., Bunn v. WMATA*, No. 1:09cv1334, 2010 WL 1488510, at *1 (E.D.Va. Apr. 12, 2010) ("WMATA is liable for all torts committed by its employees during proprietary functions" and "[o]perating a bus is such a proprietary function") (citing *Burkhart v. WMATA*, 112 F.3d 1217 (D.C. Cir. 1997)), and Plaintiffs have not opposed Ms. Shinholster's motion to dismiss. Accordingly, the motion will be granted.

Although the record does not reflect that Defendant L. Doby has been served, the complaint against him appears to be subject to dismissal for the same reasons. Thus, Plaintiffs will be directed to show cause within fourteen days as to why this defendant should not also be dismissed.

## IV. Conclusion

For the foregoing reasons, the motion to dismiss will be granted and Plaintiffs will be directed to show cause as to why the complaint should not be dismissed for the same reasons as to the remaining individual defendant. A separate order follows.

_____/s/_____
DEBORAH K. CHASANOW
United States District Judge

5